UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VO DAT DUONG (A-Number: 072-637-617),<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, *et al.*,<br><br>        Respondents. | Case No.  1:26-cv-0696-DC-JDP<br><br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Vo Dat Duong was paroled into the United States in 1992 and, after serving a prison sentence for crimes involving moral turpitude, he was ordered removed in 2024.  After being conditionally released, petitioner was re-detained in 2025.  Petitioner, now proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his re-detention violates federal regulations.  For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

In 1992, petitioner was paroled into the United States.  ECF No. 13-2 at 3.  There is no indication that petitioner has applied for lawful status or asylum.  In 2023, petitioner was convicted of two counts of lewd and lascivious acts on a child under the age of 14, in violation of California Penal Code § 288(a).  *Id*.  Petitioner was sentenced to five years in prison.  *Id*.

1

In April 2024, petitioner was released from state prison and taken into ICE custody. *Id*. Petitioner was served a Notice to Appear that charged him with removability on two independent bases: (1) for having been convicted of a crime involving moral turpitude, and (2) for having been convicted of two or more offenses for which the aggregate sentences were five or more years. ECF No. 13-1 ¶ 9.

In July 2024, petitioner was ordered removed.  ECF No. 13-3 ¶ 11.  In October 2024, petitioner was released on an order of supervision.  *Id*. ¶ 16.  The government alleges that, on two occasions in December 2024, petitioner violated the conditions of his release by failing to report; petitioner contests this allegation.  *Id*. ¶¶ 17-18; ECF No. 14 at 2.  In July 2025, petitioner was re-detained by ICE.  ECF No. 13.2 at 2.

### Procedural History

On January 26, 2026, petitioner, initially proceeding pro se, filed a petition for habeas corpus, ECF No. 1, and a motion to appoint counsel, ECF No. 2.  The court granted the latter request on January 29, 2026, and appointed counsel appeared on February 5, 2026.  *See* ECF Nos. 6 & 7.  On March 20, 2026, petitioner filed a supplemental brief in support of his petition.  ECF No. 12.  One week later, respondents filed an answer.  ECF No. 13.  On April 3, 2026, petitioner filed a reply.  ECF No. 14.  The matter is deemed submitted.[1]

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have

---

[1] Petitioner also has filed a motion to proceed *in forma pauperis*, ECF No. 11.  This motion will be granted.

2

been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his re-detention violates federal regulations.[2]  ECF No. 1 at 17-18. Respondents counter that petitioner is lawfully detained under 8 U.S.C. § 1231.  ECF No. 13 at 2-4.  Under section 1231, a noncitizen who has been ordered removed is subject to mandatory detention for ninety days.  8 U.S.C. §§ 1231(a)(1)(A), (2)(A).  This time period is known as the removal period, and it typically begins on the date the order of removal becomes administratively final.  *Id*. § 1231(a)(1)(B)(i).  Where a noncitizen is not removed by the expiration of the removal period, they are ordinarily released on an order of supervision.  *Id*. § 1231(a)(3).  Some noncitizens, however, "may be detained beyond the removal period."  *Id*. § 1231(a)(6).

In *Zadvydas*, the Supreme Court held that discretionary detention under section 1231 is "presumptively reasonable" for up to six months, at which point the noncitizen may provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the government "must respond with evidence sufficient to rebut that showing."  *Zadvydas*, 533 U.S. at 701.  However, "[t]he burden-shifting framework from *Zadvydas* does not apply where the petitioner has already been issued a final order of removal, detained, and subsequently released."  *Espada v. Doe*, No. 5:25-cv-2983-JWH-KES, 2026 WL 181539, at *5 (C.D. Cal. Jan. 20, 2026) (cleaned up), *report and recommendation adopted*, 2026 WL 192150 (C.D. Cal. Jan. 23, 2026).  Instead, courts have found that such circumstances are governed by federal regulations.  *Id*.; *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025) (collecting cases).

The revocation of a petitioner's supervised release is governed by 8 C.F.R. § 241.13(i), which allows for "revocation for removal" if it is determined that, "on account of changed circumstances, . . . there is a significant likelihood that the alien may be removed in the

---

[2] Because the petition should be granted on the basis of this claim alone, I do not address petitioner' additional grounds for relief.  *See* ECF No. 1 at 14-16.

reasonably foreseeable future."[3] 8 C.F.R. § 241.13(i)(2). The regulations "indicate that, when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed." *Yan-Ling X.*, 813 F. Supp. 3d at 1163 (cleaned up) (collecting cases).

"The plain language of § 241.13(i)(2), does not allow a court, in the first instance, to make an individualized finding that a changed circumstances has occurred." *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). "Instead, to the extent ICE claims that it made such a determination, the court should review that claim in light of the factors set out in 8 C.F.R. § 241.13(f), instructing ICE on how it should make such a determination." *Id*. (internal quotation marks and citation omitted). Such factors include:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, ICE asserts that it "is currently working to secure travel documents to effectuate Petitioner's removal to Vietnam. As of February 2026, a Travel Document Request has been submitted." ECF No. 13-1 ¶ 20. ICE further provides that "it takes approximately two months to receive a response from the consulate of Vietnam." *Id*. Notably, respondents do not explain why, on the basis of the travel document request alone, there is a significant likelihood that petitioner will be removed in the reasonably foreseeable future.

On the contrary, courts have found that the initiation of the travel document process does not demonstrate a significant likelihood of removal in the reasonably foreseeable future. *See Yan-Ling X.*, 813 F. Supp. 3d at 1164 (finding that ICE violated its regulations where "[t]he only

---

[3] The regulations also provide for the re-detention of noncitizens who have violated the conditions of release. 8 C.F.R. § 241.13(i)(1). Such re-detention, however, is expressly limited to a period of up to "six months." *See id*. Accordingly, since petitioner was re-detained more than six months ago, this provision cannot presently authorize his re-detention. *See Banos-Jiron v. Lyons*, No. 1:26-cv-0716-KES-CDB, 2026 WL 972527, at *3 (E.D. Cal. Apr. 10, 2026).

changed circumstance that respondents identify is that petitioner's case is 'under current review by the Government of China for the issuance of a travel document'"); *Duong v. Warden, Golden State Annex Det. Facility*, No. 1:25-cv-1771-DAD-CSK, 2026 WL 177767, at *6 (E.D. Cal. Jan. 22, 2026) (finding that ICE violated its regulations where "[t]he only changed circumstance that respondents identify in petitioner's case is that ICE is in the process of providing all of the necessary information and documentation to the Vietnamese Consulate so that Vietnam can issue travel documents"), *report and recommendation adopted*, 2026 WL 330628 (E.D. Cal. Feb. 6, 2026); *Chen v. Chestnut*, No. 1:25-cv-1338-EPG, 2025 WL 3496444, at *5 (E.D. Cal. Dec. 5, 2025) (finding that ICE violated its regulations where "[t]he only evidence provided" was the fact that "ERO is actively working on obtaining . . . travel documents for Petitioners and has initiated the process to expeditiously remove them from the United States").

I agree with the courts to have addressed this issue and find that a request for a travel document, standing alone, does not show that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future. Indeed, while respondents assert that the travel document request is typically addressed within two months, they do not indicate that Vietnam is likely to issue a travel document; absent further information, it seems that Vietnam could also deny the government's request, particularly because the government alleges that petitioner has declined to provide information relevant to that process. *See* ECF No. 13-1 ¶¶ 12-14, 20. Moreover, even if Vietnam were to issue a travel document, respondents do not show that there is a significant likelihood that petitioner would thereafter be promptly removed.

Accordingly, respondents fail to meet their burden of showing that ICE complied with the requirements set forth in section 241.13(i). *See Yan-Ling X.*, 813 F. Supp. 3d at 1163. ICE, like all government agencies, is required to follow its own regulations. *See United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *United States v. Ramos*, 623 F.3d 672, 683 (9th Cir. 2010). Consequently, petitioner is entitled to habeas relief. *See Asfestani v. Current or Acting Field Off.*, No. 1:25-cv-1562-SCR, 2025 WL 3677321, at *6 (E.D. Cal. Dec. 18, 2025) ("In keeping with the principle, numerous courts have granted habeas relief for ICE's failure to comply with post-order detention regulations.") (collecting cases).

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to proceed *in forma pauperis*, ECF No. 11, is GRANTED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents be ordered to immediately release petitioner (A-Number: 072-637-617) from their custody.

3. Respondents be enjoined and restrained from re-detaining petitioner absent compliance with 8 C.F.R. § 241.13(i).

4. The Clerk of Court be directed to serve Golden State Annex Detention Facility with a copy of this order.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 5, 2026                          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE